IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUZETTE D. DUTCHER,<br><br>               Plaintiff,<br><br>   vs.<br><br>THE STATE OF NEBRASKA DEPARTMENT OF CORRECTIONS,<br><br>               Defendant. | 4:18CV3144<br><br>FINDINGS AND RECOMMENDATION |

      This matter is before the Court on the Motion for Partial Judgment on the Pleadings (Filing No. 12) filed by the defendant, the State of Nebraska Department of Corrections ("NDCS"). The NDCS requests that the Court dismiss Count II of Plaintiff's Complaint filed under the Americans with Disabilities Act, 42 U.S.C. § 1201 et seq., as barred by sovereign immunity. For the following reasons, the undersigned magistrate judge will recommend that the motion be granted.

## BACKGROUND

      For purposes of this motion the Court will accept as true the facts set forth the Complaint (Filing No. 1-1) and summarized below:[1]

      Plaintiff, Suzette Dutcher, began working for the NDCS in 2002 as a "CDC Supervisor" at the NDCS Work Ethic Camp in McCook, Nebraska. (Filing No. 1-1 at p. 3). On April 21, 2015, Dutcher suffered a right knee injury during work-related training on take-down techniques and timely notified the NDCS of the injury. Dutcher subsequently underwent right knee surgeries in July, September, and October 2015, and was given lifting restrictions and "medical restrictions of no squatting, stooping, twisting, bending, crawling, or kneeling."

      The NDCS initially accommodated Dutcher's restrictions and allowed her to ask other employees to perform lifting that exceeded her restrictions. The NDCS also required that she be accompanied at all times by a Level 3 PPCT-certified employee whenever she interacted with inmates. (Filing No. 1-1 at pp. 3-4). Dutcher's knee injury prevented her from certifying in or

---

[1] "A court reviews a Rule 12(c) motion under the same standard governing Rule 12(b)(6) motions," *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990), and thus the court "must take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

performing Level 3 PPCT take-down techniques. However, performing Level 3 PPCT take-down techniques and restraints on inmates were not part of Dutcher's regular job duties as CDC Supervisor. Dutcher also was always reasonably close to other NDCS employees trained in Level 3 PPCT should it be required. During her employment, Dutcher's work performance met or exceeded the NDCS' legitimate expectations and she consistently received satisfactory and/or excellent performance reviews.

On September 15, 2016, Dutcher received a letter from the NDCS stating she could not remain in her position if she continued to have restrictions and was given ninety days to find another position or be terminated. (Filing No. 1-1 at p. 4). Dutcher's supervisor requested that Dutcher's position be downgraded to Level 2 PPCT, which was in closer alignment with her actual job duties and would remedy the perceived restriction regarding her inability to become Level 3 PPCT certified. In October or November 2016, a NDCS Human Resources Representative informed Dutcher that her requested downgrade was denied and that there were no other positions available at the location where Dutcher worked that could accommodate her abilities. On December 16, 2016, the NDCS terminated Dutcher's employment for failing to complete Level 3 PPCT training and for failing to fulfill her position's regular duties.

On September 12, 2018, Dutcher filed a Complaint against the NDCS in Nebraska state court, alleging in Count I that her employment was terminated by the NDCS on the basis of her disability in violation of the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. § 48-1104 et seq., and in Count II that the NDCS violated the ADA by failing to provide her with reasonable accommodations, subjecting her to an adverse employment action on the basis of her disability, and by retaliating against her for attempting to exercise her rights under the ADA. Dutcher seeks past lost wages and benefits, reinstatement and/or front pay, compensatory damages, reasonable attorney fees, "and for such other and further relief as the Court deems just and equitable." (Filing No. 1-1). The NDCS removed the case to this Court and filed the instant motion for judgment on the pleadings seeking dismissal of Dutcher's ADA claim on the basis of Eleventh Amendment sovereign immunity. (Filing Nos. 11-12).

**STANDARD OF REVIEW**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ P. 12(c). A court reviews a Rule 12(c) motion under

2

the same standard governing Rule 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). "A motion for judgment on the pleadings should be granted when, accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in favor of the nonmoving party, the movant has clearly established that no material issue of fact remains and that the movant is entitled to judgment as a matter of law." *Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 737 (8th Cir. 2017) (citation omitted).

A court must dismiss an action if at any time it determines that it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). "Under [Fed. R. Civ. P. 12(h)(3)], either the court or any party may raise an issue of subject-matter jurisdiction at any time, and the Eleventh Amendment is regarded, at least for this purpose, as going to subject-matter jurisdiction." *Fromm v. Comm. of Veterans Affairs*, 220 F.3d 887, 890 (8th Cir. 2000).

## ANALYSIS

The Eleventh Amendment bars suits against states in federal court unless the state has clearly and unequivocally waived its immunity, *Sossamon v. Texas*, 563 U.S. 277, 284 (2011), or unless Congress has validly abrogated the states' immunity, *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). This immunity extends to state agencies such as the NDCS. See *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003); Neb. Rev. Stat. § 83-171. The NDCS argues that sovereign immunity bars Dutcher's ADA claim as there has been no valid abrogation of its immunity nor an unequivocal waiver.

Dutcher's Complaint does not identify which provision of the ADA she is bringing her claim under, but her allegations best fit under Title I, which prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Although Congress unequivocally intended to abrogate the states' immunity for claims under Title I of the ADA, the Supreme Court in *Garrett* held that Congress's abrogation attempt was not made pursuant to a valid grant of constitutional authority. *Garrett*, 531 U.S. at 374. Accordingly, states and state agencies are immune from suits by private individuals for money damages under Title I of the ADA unless the state has clearly and unequivocally waived its immunity. See *id.*; see also *Lors v. Dean*, 746 F.3d 857, 862 (8th Cir. 2014) (recognizing

3

*Garrett*'s holding that "the Eleventh Amendment bars Title I ADA claims for money damages brought by state employees in federal court"); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002) ("[A] state is immune from suit under Title I of the ADA unless it waives its sovereign immunity.").

Dutcher does not argue that the NDCS waived its sovereign immunity for her claim for monetary damages under Title I or otherwise allege facts permitting the Court to infer such waiver.[2] Instead, she argues that her ADA claim should not be dismissed because she also seeks equitable relief such as reinstatement pursuant to *Ex parte Young*, 209 U.S. 123 (1908). (Filing No. 14 at p. 4). "Under the exception established in *Ex parte Young* . . . a private party may sue state officials in their official capacities for prospective injunctive relief." *McDaniel v. Precythe*, 897 F.3d 946, 951-52 (8th Cir. 2018) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)); see also *Gibson v. Arkansas Dep't of Correction*, 265 F.3d 718, 722 (8th Cir. 2001) (concluding "that private individuals can sue state officials for injunctive relief under the ADA by using *Ex parte Young*"). However, the *Ex parte Young* exception "does not extend to states or state agencies." *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). The NDCS is a state agency of Nebraska, not a state official, and therefore the *Ex parte Young* exception does not apply to Dutcher's ADA claim.

In order to avoid dismissal of her ADA claim on sovereign immunity grounds, Dutcher argues that her ADA claim may also be properly brought under Title II. The Supreme Court has found that "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original). Title II provides, "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The

---

[2] The NDCS's removal of this case to federal court is not a waiver of the sovereign immunity that would be available to it in state court. See, e.g., *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("The fact that the defendants' removal of this case to federal court may have waived their Eleventh Amendment immunity from suit in federal court with respect to any state law claims for which the state had waived immunity in state court does not necessarily mean they waived their other immunities[.]"); *Graham v. Nebraska*, No. 4:18CV3086, 2018 WL 6618409, at *5 (D. Neb. Dec. 18, 2018) (concluding removal did not waive Nebraska's sovereign immunity from the plaintiff's Age Discrimination in Employment Act claim).

NDCS counters that Title II does not cover disability discrimination in public employment, which is the claim asserted by Dutcher in her Complaint. (Filing No. 15 at pp. 3-4). The undersigned magistrate judge agrees.

Neither the Supreme Court nor the Eighth Circuit have directly addressed whether Title II gives rise to a cause of action for employment discrimination, but the majority of circuits to consider the issue have concluded it does not. See, e.g., *Taylor vs. City of Shreveport*, 798 F.3d 276, 282 (5th Cir. 2015) ("Unlike Title I of the ADA, Title II does not create a cause of action for employment discrimination."); *Reyazuddin v. Montgomery County*, 789 F.3d 407, 421 (4th Cir. 2015) ("Title II unambiguously does not provide a vehicle for public employment discrimination claims."); *Brumfield v. City of Chicago*, 735 F.3d 619, 630 (7th Cir. 2013) ("Title II is clearly inapplicable to employment discrimination because Title I specifically, comprehensively, and exclusively addresses disability discrimination in employment."); *Mary Jo C. v. New York State and Local Retirement System*, 707 F.3d 144, 171 (2nd Cir. 2013) (concluding that employment claims are limited to Title I and may not be brought under Title II); *Elwell v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 693 F.3d 1303, 1316 (10th Cir. 2012) ("Title II does not contain an independent cause of action for employment discrimination[.]"); *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 118 (3rd Cir. 1998) (concluding Congress intended to regulate "employment exclusively under Title I[.]"); *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1184 (9th Cir. 1999) (holding Title II does not apply to employment); *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006, 1014 (6th Cir. 1997) (concluding the ADA expressly limits discrimination in employment to Title I); but see *Bledsoe v. Palm Beach County Soil & Water Conservation Dist.*, 133 F.3d 816, 820-22 (11th Cir. 1998) (concluding "Title II does state a cause of action for employment discrimination" after providing "considerable weight" to the DOJ regulations interpreting the statute). A growing number of district courts within the Eighth Circuit have similarly agreed with the majority view. See, e.g., *Jones v. McGowan*, No. 4:18CV831 BSM, 2019 WL 1435822, at *1 (E.D. Ark. Mar. 29, 2019) (recognizing the circuit split and concluding "Title II of the ADA does not provide a cause of action in employment discrimination."); *Singer v. Harris*, No. 4:15CV408 BSM, 2016 WL 10489850, at *5 (E.D. Ark. July 13, 2016), aff'd, 897 F.3d 970 (8th Cir. 2018) ("[T]his court has consistently held that Title II of the ADA does not apply to employment discrimination by a public entity.") (citing *Page v.*

5

*Ark. State Univ.*, No. 3:13CV77-KGB, 2014 WL 584792 (E.D. Ark. Feb. 14, 2014) *and Trickey v. Selig*, No. 4:12CV85-DPM, 2012 WL 3245956 (E.D. Ark. Aug. 8, 2012)).

The undersigned magistrate judge agrees with the majority view that Title II unambiguously does not cover employment and does not provide Dutcher with a cause of action for employment discrimination. Title II protects a "qualified individual with a disability" from being "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity" and protects such "qualified individual" from being "subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "qualified individual with a disability" is defined as "an individual with a disability who . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). "Employment" cannot fairly be described "as a service, program, or activity of a public entity[.]" See *Elwell*, 693 F.3d at 1306; *Brumfield*, 735 F.3d at 627. Additionally, looking at the ADA as a whole, it is apparent that Title I "specifically, comprehensively, and exclusively addresses disability discrimination in employment." *Brumfield*, 735 F.3d at 628; see also *Elwell*, 693 F.3d at 1309. The plain language of Title II and the broader scheme of the ADA makes it clear that Dutcher's claim for employment discrimination must be brought under Title I of the ADA. Therefore, the undersigned does not need to address whether Congress validly abrogated states' immunity for Title II for this particular cause of action or whether the state has waived immunity.

In sum, Dutcher's claim under Title I of the ADA is barred by Eleventh Amendment sovereign immunity and she cannot bring her employment discrimination claim under Title II of the ADA. Therefore, the undersigned magistrate judge finds and recommends that the NDCS's motion for judgment on the pleadings should be granted, and that Count II of the Complaint be dismissed. Upon consideration,

**IT IS HEREBY RECOMMENDED** to the Honorable John M. Gerrard, Chief United States District Court Judge, that the defendant's Motion for Partial Judgment on the Pleadings (Filing No. 12) be granted and Count II of Plaintiff's Complaint be dismissed.

Dated this 15th day of August, 2019.

> BY THE COURT:
>
> s/ Michael D. Nelson
> United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.