IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUZETTE D. DUTCHER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEBRASKA DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | 4:18-CV-3144<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation (filing 19) recommending that the Court grant the State of Nebraska's motion for partial judgment on the pleadings (filing 12). The plaintiff has not objected to the Magistrate Judge's recommendation.

Title 28 U.S.C. § 636(b)(1) provides for de novo review of a Magistrate Judge's findings or recommendations only when a party objects to them. *Peretz v. United States*, 501 U.S. 923 (1991). Failure to object to a finding of fact in a Magistrate Judge's recommendation may be construed as waiving the right to object to the Court's order adopting the recommendation of the finding of fact. NECivR 72.2(f). And the failure to file an objection eliminates not only the need for de novo review, but any review by the Court. *Thomas v. Arn*, 474 U.S. 140 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609 (8th Cir. 2009); *see also United States v. Meyer*, 439 F.3d 855, 858-59 (8th Cir. 2006).[1]

Accordingly, the Court will adopt the Magistrate Judge's recommendation that the State's motion for partial judgment on the pleadings

---

[1] And in any event, the Court agrees with the well-reasoned opinion of the Magistrate Judge.

be granted, and will dismiss the plaintiff's ADA claim. Her remaining claim arises under state law. The Court *may* continue to exercise supplemental jurisdiction over that claim. *See* 28 U.S.C. § 1367(a) and (c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009). But the Court can also remand that claim to state court. *See* § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The Court has "broad discretion in determining whether to exercise supplemental jurisdiction[,]" *Crest Const. II, Inv. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011), and, in fact, where "resolution of the remaining claims depends solely on a determination of state law, the Court *should* decline to exercise jurisdiction." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (emphasis supplied) (quotation and citations omitted).

In making that determination, the Court must consider factors such as judicial economy, convenience, fairness, and comity. *Id.*; *see Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016). But "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wilson*, 821 F.3d at 971; *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) (quotation and citations omitted). The Court finds no factor that distinguishes this case from the usual case. *See Wilson*, 821 F.3d at 971. Accordingly, the Court will decline supplemental jurisdiction, and will remand the plaintiff's state-law claim.

IT IS ORDERED:

1. The Magistrate Judge's findings and recommendation (filing 19) are adopted.

2. The State's motion for partial judgment on the pleadings (filing 12) is granted.

3. The plaintiff's ADA claim is dismissed.

4. This case is remanded to the District Court for Red Willow County, Nebraska.

5. A separate judgment will be entered.

Dated this 30th day of August, 2019.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge